UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHAMELEON DISTRIBUTORS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-1211 |
| | § | |
| VIRTUOSO SELECTIONS, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION TO REMAND

This is a case between Texas entities and individuals about misappropriation of trade secrets. The question is whether it should be remanded after an amended complaint eliminated the only federal question in the case.

### I. BACKGROUND

#### a. Factual Background

Plaintiff Chameleon Distributors, LLC ("Plaintiff" or "Chameleon") is a wine wholesaler. (Doc. No. 14.) Defendants Virtuoso Selections, LLC ("Virtuoso"), Robyn Johnson, Brenda Johnson, and Mark Murphy (collectively, "Defendants") are also in the wine wholesaling business. (*Id.*)

The key factual allegations, according to Plaintiff's First Amended Complaint, are as follows. Defendant Mark Murphy ("Mr. Murphy") worked for Chameleon as a general manager until the spring of 2017, when he left to work for Virtuoso. (*Id.* at 2.) In the fall of 2017, Virtuoso expressed interest in acquiring Chameleon. (*Id.*) To that end, Chameleon agreed to provide certain confidential information to Virtuoso (including costs of goods, wholesale pricing, customer lists, suppliers, and information regarding inventory) subject to a non-disclosure

1

agreement (the "NDA"). (*Id.* at 3.) The NDA, which both parties signed, provided that the furnished information would only be used for evaluation purposes and that Virtuoso would refrain from attempting to do business with any of the customers disclosed pursuant to the NDA for a period of five years. (*Id.*)

After Virtuoso received the requested information, Virtuoso expressed interest in acquiring only part of Chameleon's inventory, and Chameleon declined. (*Id.* at 4.) Mr. Murphy indicated that Virtuoso did not have the money to purchase the entirety of Chameleon. (*Id.*) Chameleon offered to work out a financing arrangement but Virtuoso declined. (*Id.*) Chameleon now believes that Virtuoso never intended to buy Chameleon and only sought access to Chameleon's confidential information in order to undercut Chameleon's business. (*Id.*) Specifically, Plaintiff alleges that, in January 2018, two Chameleon sales representatives left to work for Virtuoso. (*Id.* at 5.) Additionally, in March 2018, one of Chameleon's key suppliers terminated its contract with Chameleon and allegedly signed one with Virtuoso. (*Id.*)

   b. **Procedural Background**

In April 2018, Plaintiff filed suit against Defendants in Harris County District Court. (Doc. No. 1.) In its original petition, Plaintiff asserted claims for: (1) misappropriation of trade secrets; (2) violation of the Texas Theft Liability Act; (3) breach of informal fiduciary duty; (4) gross negligence; (5) breach of contract; (6) trade dress infringement/unfair competition under the Lanham Act; and (7) civil conspiracy. (Doc. No. 1-1.) Defendants removed the case on the basis of federal question jurisdiction (pursuant to the Lanham Act claim).

In May 2018, Defendants filed a motion to dismiss most of Plaintiff's claims under Rule

12(b)(6). (Doc. No. 9.) Plaintiff then filed an amended complaint[1] dropping the Lanham Act claim and dropping two of the individual defendants. (Doc. No. 14.) The next day, Plaintiff filed its Motion to Remand based upon the abandonment of the Lanham Act claim, the only federal question in the case. (Doc. No. 15.) Defendants object to remand. (Doc. No. 17.)

## II.  ANALYSIS

### a.  Whether this Court Has Subject Matter Jurisdiction

The first question is whether this Court has subject matter jurisdiction. "It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004). This is known as the "time-of-filing rule." *Id.* "The time-of-filing rule is most frequently employed in the removal context, to prevent a plaintiff from re-pleading after removal to deprive the federal court of jurisdiction." *16 Front St., L.L.C. v. Mississippi Silicon, L.L.C.*, 886 F.3d 549, 558 (5th Cir. 2018). Indeed, "[t]he rule that a plaintiff cannot oust removal jurisdiction by voluntarily amending the complaint to drop all federal questions serves the salutary purpose of preventing the plaintiff from being able to destroy the jurisdictional choice that Congress intended to afford a defendant in the removal statute." *Boelens v. Redman Homes*, Inc., 759 F.2d 504, 507 (5th Cir. 1985). *See also Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 592 (5th Cir. 2015) (internal citations omitted) ("It is this court's established precedent that once a case is properly removed, the district court retains jurisdiction *even if* the federal claims are later dropped or dismissed.").

At the time of filing, this case included a claim for relief under the Lanham Act, which provided federal question jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, this Court has

---

[1] Plaintiff filed its amended complaint without seeking leave of court, 28 days after Defendants filed their Motion to Dismiss. Defendants' response to the Motion to Remand noted this fact but did not ask to strike the amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1).

3

jurisdiction over this case notwithstanding Plaintiff's subsequent elimination of the Lanham Act claim.

### b. <u>Whether this Court Should Choose to Exercise Jurisdiction</u>

The next question is whether this Court should elect to retain its jurisdiction. This Court has discretion to exercise jurisdiction over pendent state law claims subject to the statutory factors set forth by 28 U.S.C. § 1367(c) and to the common law factors of judicial economy, convenience, fairness, and comity. *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (noting that "no single factor is dispositive"); *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (listing common law factors).

#### i. <u>Statutory Factors</u>

28 U.S.C. § 1367(c) authorizes a court to decline to exercise supplemental jurisdiction over a state law claim are if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Nothing in the filings suggests that the state law claims are novel or complex. Defendants also correctly distinguish the circumstance contemplated by § 1367(c)(3) – that is, one in which the *district court* has dismissed all claims over which it has original jurisdiction – from the circumstance in the instant case where Plaintiff has voluntarily abandoned its only federal claim. Nonetheless, the second statutory factor counts strongly in favor of declining supplemental jurisdiction because the state law claims clearly predominate.

Ultimately, the statutory factors do not lead to a clear conclusion.

### ii. Common Law Factors

The common law factors under consideration are: judicial economy, convenience, fairness, and comity. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Judicial economy and convenience count in favor of remand. "[W]hen the case has just begun and the federal claims have all been dismissed, the court should generally relinquish jurisdiction." *Texas First Nat. Bank v. Wu*, 347 F. Supp. 2d 389, 401 (S.D. Tex. 2004) (internal quotation omitted). *See also Brookshire Bros. Holding v. Dayco Prod., Inc*., 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial . . . ."). This case was filed fewer than three months ago. The parties have not yet begun discovery. (Doc. No. 15 at 4.) Trial is set for a date that is over one year from now. (Doc. No. 19.) This Court has almost no familiarity with the merits of the case. Admittedly, once again, there is a distinction between a situation where federal claims "have all been dismissed" and the present case in which they were voluntarily abandoned. Still, the judicial efficiency and convenience points hold true; the early posture of the case counsels remand.

Comity also favors remand. What remains in the case are issues of pure state substantive law which are more properly tried in state court.

The fairness factor tilts slightly in favor of Defendants because the evidence suggests that Plaintiff went forum shopping by eliminating its Lanham Act claim. Nonetheless, there is no evidence to suggest that Defendants will be prejudiced in state court or that litigation there will impose any significant additional burden on them.

Sister courts have determined that remand is appropriate, notwithstanding evidence of forum shopping, when other factors count in favor of it. *See Lyon v. Kroger Co*., No.

416CV00489ALMKCJ, 2016 WL 6211736, at *2 (E.D. Tex. Sept. 20, 2016), *report and recommendation adopted sub nom. Georgette Lyon as Next Friend of Bella Jeanna Montero v. Kroger Co.*, No. 4:16CV489, 2016 WL 6159446 (E.D. Tex. Oct. 24, 2016) ("Even taking into account the possibility that Plaintiff may be forum shopping, the Court finds that the balance of factors here support a remand"); *Reach Commerce, LLC v. Cinsay, Inc.*, No. 3:13-CV-3861-P, 2014 WL 12580457, at *2 (N.D. Tex. Apr. 30, 2014) ("To the extent that any forum shopping is happening, it is outweighed by all of the other principles that weigh in favor of remand.") As the Fifth Circuit has explained, "Guarding against improper forum manipulation is only one of the important considerations we examine in determining whether a district court abused its discretion in failing to remand." *Enochs v. Lampasas Cty.*, 641 F.3d 155, 160–61 (5th Cir. 2011). In other words, "It is not so serious of a concern that it can become a trump card which overrides all of the other factors we are instructed to consider and balance." *Id.* That reasoning applies here.

In sum, the common law factors counsel remand.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 9th day of July, 2018.

									_____
									HON. KEITH P. ELLISON
									UNITED STATES DISTRICT JUDGE